HOME SAVINGS & LOAN ASS'N *v.* MASON.

1. BUILDING AND LOAN ASSOCIATIONS—MORTGAGES—CONFLICT OF LAWS—PLACE OF CONTRACT.

A contract whereby a resident of Michigan becomes a stockholder in a Minnesota building and loan association, and takes out a loan secured by mortgage on property in Michigan, which contract is by its terms to be performed in Minnesota, there being no intention that any part of it shall be performed in Michigan, is a Minnesota contract, and governed by the laws of that State.

2. SAME—STOCK DUES—REDUCTION OF INDEBTEDNESS.

Payments made to a building and loan association by a borrowing member as stock dues do not *ipso facto* operate as a reduction of the debt.

3. SAME—INSOLVENCY—PLEADING.

An averment that a building and loan association is unable to repay to its members more than 50 per cent. of what they have paid in on their stock sufficiently alleges its insolvency.

4. SAME—VOLUNTARY LIQUIDATION—ACQUIESCENCE OF MEMBERS—FORECLOSURE.

Where the directors and a majority of the stockholders of a building and loan association determine to go into liquidation by reason of its insolvency, a borrowing member who has acquiesced in the plan, and stopped his payments, cannot successfully resist the foreclosure of a mortgage given by him to secure the loan on the ground that he is not in default.

5. SAME—ACCOUNTING.

Where a building and loan association becomes insolvent, so that it is unable to carry out its contract with a borrowing member, the latter should be charged with the amount loaned, with interest at the legal rate, and credited with interest and premiums paid, but not with payments on stock.

Appeal from Delta; Stone, J. Submitted April 5, 1901. Decided July 19, 1901.

Bill by the Home Savings & Loan Association against Richard Mason and Julia A. Mason to foreclose certain

mortgages. From a decree for complainant, defendants appeal. Affirmed.

*Smith & Empson* ( *J. C. Haynes*, of counsel ), for complainant.

*F. D. Mead*, for defendants.

MONTGOMERY, C. J.   The bill in this case was originally filed for the foreclosure of two mortgages given to the association to secure two separate loans made to the defendant Richard Mason as a member of the association. It appearing, in the course of the trial, that the company was insolvent, in the sense that it would be unable to pay its stock, as it accumulated, in full, and that the directors and a majority of the stockholders had determined to go into liquidation, the court treated the case as a proper one for an accounting, and applied the rule adopted by this court in *Russell* v. *Pierce*, 121 Mich. 208 ( 80 N. W. 118 ), and *Phelps* v. *Loan Ass'n*, 121 Mich. 343 ( 80 N. W. 120 ). The decree entered was that the defendants should repay complainant the amount of the loans, with interest at 7 per cent. ( the Minnesota rate ), less the sums paid by defendants as interest and premiums, with interest computed in favor of defendants upon the payments at like rate. The court declined to allow the payments on stock made by defendants in reduction of complainant's claim. The defendants have appealed from this decree.

It is contended that this case is not the case of a Minnesota contract, and that it is ruled by *National Mut. Bldg. & Loan Ass'n* v. *Burch*, 124 Mich. 57 ( 82 N. W. 837 ), rather than by *Russell* v. *Pierce*. We do not agree with this contention. In this case the contract was, by its terms, to be performed in Minnesota. There was no intention that any part of it should be performed in Michigan. The case falls within *Russell* v. *Pierce* and the authorities there cited.

It is contended that the complainant's method of conducting business was in violation of the Minnesota statute;

but, without entering upon a discussion of this claim in detail, it will suffice to say that we do not find that complainant's plan of business departed from the statute in any substantial particular.

The principal question is whether the complainant is entitled to foreclose the mortgages before the maturity of the stock.    It is claimed by defendants' counsel that the defendants were not in default when the bill was filed, and that the plan of liquidation could not be adopted without the consent of all the stockholders, and that the allegations of the bill are insufficient allegations of insolvency. As to the latter claim, the bill shows that the stock could not be paid in full, and, under the plan of the association, it would appear that, if this be true, it would be impossible to mature the stock, and liquidate the indebtedness of stockholders to the company, unless preference was given to one stockholder over another.    The injustice of permitting the business to be continued on this basis is apparent. We do not find it necessary to decide whether, under these circumstances, a majority of the stockholders can, against the protest of a minority, go into liquidation.    The evidence shows that all stockholders acquiesced in the plan of liquidation, defendant among the rest.    Defendant stopped payments.    We think that when he learned of the attempt at dissolution, and of the plan of liquidation, he was bound to make his election.. *Central Bldg. Ass'n* v. *Witzell*, 13 Phila. 54; End. Bldg. Ass'ns (2d Ed.), § 501; Thornt. & Bl. B. & Loan Ass'ns, § 390.

The decree will be affirmed, with costs of this court to complainant.

The other Justices concurred.